*Brown & Geddes,* for defendant in error.

---

## CONTRACTS OF RELEASE FOR CLAIMS FOR INJURIES AGAINST RAILWAYS.

[Circuit Court of Clark County.]

HENRY J. BOWERS v. DETROIT SOUTHERN RAILROAD CO.

Decided, June, 1904.

*Constitutional Law—Section 3365-20 Construed—Contracts of Release for Claims for Injury or Death—Mutuality of Contract—Public Policy as to Employment of Injured Persons by Railroad Companies.*

1. Section 3365-20, declaring void all contracts and agreements whereby claims for damages against railroad companies for personal injuries or death are waived, does not apply to claims arising prior to the execution of such contracts of release.
2. It is not against public policy to permit a railroad company to employ persons who have been injured in its service at such labor as they may be able to perform.
3. A contract of re-employment for no stated time, in no stipulated capacity, and for no designated wages lacks mutuality; but when it is averred in an answer based upon such a contract that the plaintiff was re-employed by the defendant and continued in its employ until such time as he voluntarily relinquished the employment, such answer is good against demurrer.

WILSON, J.; SULLIVAN, J., and DUSTIN, J., concur.

The plaintiff in error filed a petition in the court below to recover from the defendant for injuries occasioned by the alleged neglect of the defendant. To the petition the defendant interposed an answer, the second defense in which is as follows:

"Second. And for a second defense defendant says that on the 18th day of November, 1902, said plaintiff, in consideration of his re-employment by said defendant, released said defendant from any and all claims that he had against said company arising out of any injuries which he may have sustained by the accident set forth in the petition; and thereupon, in consideration of said release the said defendant re-employed said plaintiff and continued to retain him in its employ until such time as the said plaintiff voluntarily left the employ of said defendant. A copy of said release is hereto attached, marked Exhibit 'A.' "

A demurrer was interposed to this defense by the plaintiff and overruled, and thereupon, the plaintiff not desiring to plead further, judgment was had for the defendant and the petition dismissed.

It is claimed on the part of the plaintiff in error that the contract pleaded in the answer was void by reason of the provisions of Section 3365-20 of the Revised Statutes. The part of that section which applies directly to this case is the latter clause, which reads:

"And no railroad company, insurance society or association, or other person, shall demand, accept, require or enter into any contract, agreement, stipulation with any other person about to enter or in the employ of any railroad company whereby such person stipulates or agrees to surrender or waive any right to damages against any railroad company, thereafter arising for personal injury or death, or whereby he agrees to surrender or waive in case he asserts the same, any other right whatsoever, and all such stipulations and agreements shall be void, and every corporation, association, or person violating or aiding or abetting in the violation of this section shall for each offense forfeit and pay to the person wronged or deprived of his rights hereunder the sum of not less than fifty dollars nor more than five hundred dollars to be recovered in a civil action."

The injury which is the predicate of the claim for damages in this case was incurred *before* the execution of the contract of

release, which is challenged by the demurrer. The language of the statute is specific that as to personal injury or death, the right to damages which can not be released is one *thereafter* arising. The further language—"whereby he agrees to surrender or waive, in case he asserts the same, any other right whatsoever"—does not broaden the inhibition as to a claim for personal injury. The contract in question does not come within the statute.

It is claimed it is void as being against public policy; that to permit a railroad company to enter into a contract of this kind would favor the employment of incompetent persons in the service of the corporation, and endanger the safety of the public.

We incline to think it is not so, for the reason that the railroad company would still be held to the rule that it is liable for failure to employ competent servants in all departments, and it ought not to be held against public policy to permit a railroad company to employ persons who have been injured in its service, in such capacity as they may be able to serve, as it often furnishes employment to persons who might not otherwise be able to obtain it.

It is said that the contract is without consideration and wants mutuality. There is attached to the answer a copy of a contract which is marked "Exhibit A." It is not made part of the answer, however, and can not be looked to for the purpose of determining the demurrer. We can only look to the averments in the answer. We are free to say if the contract were pleaded so that the court could look to it, we would very seriousy question whether that form of contract would impart any consideration. Re-employment for no stated time, only as may be satisfactory to said company—in no stipulated capacity —for no designated wage—does not imply mutuality. But the averments in the answer are broader: "in consideration of his re-employment by said defendant, the plaintiff released said defendant from any and all claims that he had against said company arising out of any injuries which he may have sustained by the accident set forth in the petition; that thereupon, in consideration of said release, the said defendant re-employed

said plaintiff· and continued to retain him in his emplcy until such time as the said plaintiff voluntarily left the employ of the defendant.''

The answer is not demurrable on that ground.

In the case of *Judy* v. *Louderman*, 48 O. S., page 563, the second syllabus reads:

''While it is necessary that the consideration of a promise should be of some value, it is sufficient if it be such as could be valuable to the party promising; and the law would not enter into an inquiry as to the inadequacy of the consideration, but will leave the parties to be the sole judges of the benefits to be derived from their contracts, unless the inadequacy of consideration is so gross as of itself to prove fraud or imposition.''

We do not think the contract, as averred in the answer, is of that character. The demurrer was rightly overruled, and the judgment of the court below is affirmed.

*C. E. Ballard*, for plaintiff in error.

*Oscar T. Martin*, for defendant in error.